■ FANNIE McMURREN, as Administratrix of the Estate of ERNEST McMURREN, Deceased, et al., Respondents, v. HOWARD CARTER et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Kings County, dated March 29, 1974, which granted plaintiff's motion to set aside a jury verdict in defendants' favor. Order affirmed, with costs to abide the event of the new trial. On this record it is our view that the verdict in favor of defendants could not have been reached upon any fair interpretation of the evidence (*Olsen* v. *Chase Manhattan Bank,* 10 A D 2d 539). We note, however, that there was no error in charging the jury concerning the doctrine of emergency. Latham, Acting P. J., Shapiro, Cohalan and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the order and reinstate the verdict, with the following memorandum: The evidence did not preponderate so greatly in plaintiff's favor that a finding in favor of defendants could not have been reached upon any fair interpretation of the evidence.

■ LEONARD H. MONROE, Appellant, v. DAIMLER-BENZ OF NORTH AMERICA, INC., Respondent, et al., Defendant.— In an action to recover for services rendered, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered March 18, 1974, in favor of defendant Daimler-Bénz of North America, Inc., upon the trial court's dismissal of the complaint at the close of plaintiff's case, upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. When considered most favorably to plaintiff, we believe that sufficient evidence was presented by him of a principal-agency relationship between defendant Daimler-Benz of North America, Inc., and defendant David C. Thieme Corporation so as to require that the case be submitted to the jury. The establishment of such a relationship would subject defendant Daimler-Benz of North America, Inc., to liability for the engineering services rendered by plaintiff. Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.

■ WALTER MUNZ, Respondent, v. PRESTWICK PRESS, INC., Appellant. — On July 9, 1973, this court (1) reversed, *on the law,* an interlocutory judgment of the Supreme Court, Suffolk County, dated July 19, 1972, in favor of plaintiff on the issue of liability, after a trial on that issue only, upon a special jury verdict that defendant was liable only for violation of section 240 of the Labor Law, and (2) dismissed the complaint; thereafter, on June 19, 1974, the Court of Appeals reversed the order of this court and remitted the case to us for a determination of the facts, if any, raised in this court (*Munz* v. *Prestwick Press,* 42 A D 2d 734, revd. 34 N Y 2d 847). This court now reverses the interlocutory judgment, on the facts, and grants a new trial, with costs to abide the event. In our opinion, the verdict of the jury was contrary to the weight of the evidence. Latham, Acting P. J., Christ and Benjamin, JJ., concur; Shapiro and Munder, JJ., dissent and vote to affirm, with the following memorandum: The Court of Appeals remitted this case to this court for " determination of questions of fact, if any," raised on the appeal to this court. When the case was before this court, appellant raised no question of fact. Instead, in its brief, it said merely that a single question of law was presented. We, therefore, vote to affirm.