■ JAMES L. PUTNAM, Appellant, v ROBERT LAMOREAUX, Respondent.— Appeal from a judgment of the Supreme Court, entered November 15, 1976 in Chemung County, upon a verdict rendered at a Trial Term in favor of defendant and against plaintiff of no cause for action. On February 20, 1973 at approximately 2:00 P.M., plaintiff was driving his automobile at 25 miles per hour in a northerly direction on Pennsylvania Avenue in the City of Elmira. As plaintiff proceeded past a gas station on his right, he observed a Jeep Wagoneer through the window of the service station, but could not see whether it was occupied by a driver. Plaintiff testified that he "was just about by the service station when the Jeep Wagoneer come out and hit [his] right rear quarter panel and damaged it pretty good". As a result of the

accident, plaintiff claimed he received certain injuries to his back. Defendant's testimony essentially corroborated the testimony of the plaintiff. Following the accident, defendant received a summons for violating section 1143 of the Vehicle and Traffic Law (failure to yield the right of way) and pleaded guilty to the charge thereafter. Upon the record there is no evidence which could have supported a jury finding that the defendant was not negligent. The court, over the exception of plaintiff, charged subdivision (a) of section 1180 of the Vehicle and Traffic Law which requires a driver to operate a vehicle at a reasonable and prudent speed; however, the record was devoid of any proof that the plaintiff's speed was imprudent. Accordingly, that charge was error as to the plaintiff and prejudicial. It was undisputed that the plaintiff sustained compensable injuries as the result of the accident and the verdict is clearly against the weight of the evidence since it could not have been reached "upon any fair interpretation of the evidence" *(McMurren v Carter,* 46 AD2d 682, affd 38 NY2d 742). Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Sweeney, J. P., Mikoll and Herlihy, JJ., concur; Mahoney and Larkin, JJ., dissent and vote to affirm in the following memorandum by Mahoney, J. (dissenting). Since the plaintiff testified that he was driving his vehicle at 25 miles per hour when he observed a Jeep Wagoneer through the window of a service station on his right and, further, that he was unable to ascertain if the Jeep was occupied by a driver, the jury could have concluded that he should have slowed the speed of his vehicle until certainty rather than speculation controlled the manner in which he continued to operate his automobile. In this context the trial court properly charged subdivision (a) of section 1180 of the Vehicle and Traffic Law. Whether plaintiff violated this statute as he drove through the intersection at 25 miles an hour, given his observations, created a question of fact for the jury. The judgment should be affirmed.