■ NATIONAL HOTEL MANAGEMENT CORP. et al., Respondents, v SHELTON TOWERS ASSOCIATES et al., Appellants, et al., Defendants, and NORMAN GROH, Respondent. — Interlocutory judgment of the Supreme Court, Kings County (Kartell, J.), entered February 17, 1982, affirmed, insofar as appealed from, with costs to plaintiffs. No opinion. Damiani, J. P., Titone, Mangano and Brown, JJ., concur.

■ SUSAN J. SATZ, Respondent, v DAVID S. SATZ, Appellant. — In an action in which the plaintiff wife had previously been granted a judgment of divorce, the defendant husband appeals from an order of the Supreme Court, Queens County (Linakis, J.), dated June 4, 1981, which, *inter alia,* awarded plaintiff a judgment of $3,136.94 representing child support arrears, ordered a wage deduction against defendant pursuant to section 49-b of the Personal Property Law, awarded plaintiff a counsel fee of $1,500, dismissed defendant's cross motion for a change of custody, and dismissed defendant's application to hold plaintiff in contempt for interfering with his visitation rights. Order affirmed, with costs. On the scheduled hearing date, counsel for defendant applied for an adjournment on the ground that his client was ill and was unable to attend (the subsequent diagnosis was "an upper respiratory infection"). There were no affidavits from defendant or his doctor to support counsel's claim that he was too ill to attend the hearing. After reviewing the history of this case, which the court noted already had "approximately ten adjournments", the court rejected defendant's application for an additional adjournment, held him in default and dismissed his cross motion. The court then ordered the hearing to proceed in defendant's absence. Under the circumstances of this case, we find that it was not an abuse of discretion for Special Term to reject defendant's application for an adjournment (see *Bilyou v State of New York,* 33 AD2d 604). Weinstein, J. P., Thompson, Bracken and Boyers, JJ., concur.