■ FRANCIS A. GRIMALDI, Appellant, v ORSON A. FINCH, Respondent. — Appeal (1) from a judgment of the Supreme Court in favor of plaintiff, entered May 9, 1983 in Saratoga County, upon a verdict rendered at Trial Term (Mercure), and (2) from an order of said court, entered April 20, 1983 in Saratoga County, which denied plaintiff's motion to set aside the verdict. On February 10, 1980, plaintiff, accompanied by his wife and three others, was driving in a generally southerly direction on Route 9 in the Town of Colonie, Albany County, when he stopped his vehicle pursuant to the signal of a traffic control device at the intersection of Klunker Road. In this area, Route 9 consists of two southbound lanes and two northbound lanes, divided by an uncurbed median. The weather was clear and the road surface dry. When the

light changed to green, plaintiff, whose car was first in a line of cars which were stopped in the passing lane, moved forward. At about this time, defendant, who had stopped his car at the edge of Route 9 some 150 to 200 feet south of the afore-mentioned intersection after exiting a car wash, proceeded out at an angle across the southbound lanes intending to them turn left into the northbound lanes. Plaintiff, when he observed defendant crossing in front, sounded his horn, applied his brakes and pulled left toward the median. However, a collision occurred and, as a result, plaintiff sustained injuries to his right knee. Plaintiff's car was damaged on the right front and passenger side near the front door, and defendant's vehicle was damaged on the left front. Alleging that defendant's negligence caused the accident and his injury, plaintiff commenced this action. Defendant's answer contained an affirmative defense which alleged that culpable conduct on the part of plaintiff was wholly or in part responsible for the accident and subsequent injury to plaintiff. After trial, the jury rendered its verdict finding that plaintiff was 45% to blame for the accident and defendant was 55% to blame. The jury further found damages in the sum of $18,000. A posttrial motion by plaintiff to set aside the verdict on the basis of inadequacy was denied. From the order denying plaintiff's post-trial motion, and the judgment ultimately entered upon the verdict, plaintiff appeals, contending that defendant failed to prove any culpable conduct on the part of plaintiff and that the damages fixed were inadequate. As to plaintiff's first contention, we recognize that the scope of our review is limited and in order for this court to disturb the jury's verdict as being contrary to the weight of the evidence, we must conclude that the jury could not have reached the conclusion it did upon any fair interpretation of the evidence (*Lincoln v Austic*, 60 AD2d 487, 491, mot for lv to app den 44 NY2d 644; *McMurren v Carter*, 46 AD2d 682, affd 38 NY2d 742). We so conclude. Defendant, by asserting the affirmative defense of culpable conduct on the part of plaintiff which, if established, would diminish plaintiff's recovery, thereby assumed the burden of demonstrating such conduct on the part of plaintiff (CPLR 1412). As to that burden, we conclude, as a matter of law, that defendant has failed to sustain it. First of all, there is no evidence of excessive or unreasonable speed and, indeed, no claim of speed on the part of plaintiff, who had traveled less than 200 feet from a stopped position when the accident occurred. The culpable conduct complained of was plaintiff's pulling his vehicle to the left toward the median instead of proceeding straight ahead in the passing lane, in which event, defendant asserts, no accident would have occurred. This theory is apparently bottomed upon defendant's testimony at trial that he had proceeded to a point wholly within the median when the collision occurred. This version is infected by defendant's account of the accident rendered at the examination before trial, wherein he stated that at the time of the collision the back end of his car was in the passing lane. The version succumbs when the damage inflicted to the vehicles, left front of defendant's vehicle and right passenger side from the door forward of plaintiff's vehicle, is taken into consideration. On this record, no culpable conduct on the part of plaintiff has been demonstrated. However, there is a clear showing of actionable negligence on the part of defendant. No authority need be cited for the long and well-established rule that the operator of a motor vehicle is charged with seeing what there is to be seen and section 1143 of the Vehicle and Traffic Law at the time of the accident provided in sum that one in defendant's situation, stopped and about to enter the highway, should yield the right of way to all vehicles approaching on the highway. There is no evidence which could have supported a jury finding that defendant was not negligent (cf. *Putnam v Lamoreaux*, 59 AD2d 974). Moreover, plaintiff, in proceeding down the roadway, had the right to expect that defendant would comply with the requirements of the statute and yield the right of way (see 8

NY Jur 2d, Automobiles, § 453, pp 35-37). Accordingly, a fair interpretation of the evidence mandates the conclusions that, as a matter of law, defendant failed to shoulder his burden of demonstrating culpable conduct on the part of plaintiff and that plaintiff was free of any negligence which proximately caused or contributed to the happening of the accident. The jury's verdict on this issue was, therefore, clearly against the weight of the evidence. Turning our attention to the issue of damages, we again recognize that our review is limited and our discretionary power to overturn a jury verdict upon the ground that it is inadequate or excessive is restricted to those instances where the verdict is so disproportionate as to shock the conscience of the court (see, e.g., *James v Shanley,* 73 AD2d 752; *Welty v Brown,* 57 AD2d 1000, 1001, app dsmd 42 NY2d 995). At bar, there was conflicting medical testimony as to the nature and extent of plaintiff's injury and as to whether plaintiff's condition was not, at least to some extent, the result of a previous injury. On the record before us, we are unable to conclude that the award is so disproportionate as to require our intervention. Accordingly, plaintiff's motion to set aside the verdict due to inadequacy was properly denied. Judgment modified, on the law, by striking the provision for diminution of damages for culpable conduct and by awarding plaintiff $18,342 as damages plus costs and disbursements, and, as so modified, affirmed, with costs to plaintiff. Order affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.