■ LORI OLSON et al., Appellants, v MARK MAXWELL, Defendant, and EUGENE T. LAWRENCE et al., Respondents.—Weiss, J. Appeals (1) from a judgment of the Supreme Court in favor of defendants Eugene T. Lawrence and Lupak Distributors, entered September 26, 1985 in Ulster County, upon a verdict rendered at Trial Term (Williams, J.), and (2) from an order of said court, entered October 7, 1985 in Ulster County, which denied plaintiffs' motion to set aside the verdict in favor of said defendants.

Plaintiff Lori Olson (hereinafter plaintiff) commenced this negligence action seeking damages for personal injuries sustained on October 5, 1983 in an automobile collision at the intersection of Main Street and Oakwood Terrace in the Village of New Paltz, Ulster County.* The trial testimony establishes that plaintiff was driving east along Main Street at approximately 2:00 P.M. The weather was clear and dry. As she approached the subject intersection traveling 20 to 25 miles per hour, plaintiff observed a delivery truck, owned by defendant Lupak Distributors and driven by defendant Eugene T. Lawrence, parked facing traffic in front of Zack's Auto Clinic, located on the southwest corner of the intersection. According to plaintiff, the truck was situated near the intersection and partially in the eastbound lane; the truck did not impede her visibility but caused her to proceed to the outer portion of the lane. Plaintiff did not, however, cross into the oncoming lane, and once past the delivery truck began to maneuver back into the middle of her lane. At the intersection, she collided with a vehicle driven by defendant Mark Maxwell which was proceeding north on Oakwood Terrace. Maxwell testified that he came to a complete stop at the intersection, looked both ways along Main Street and, within moments of entering the intersection, collided with plaintiff's vehicle. Lawrence moved his truck off the street shortly after the accident, ostensibly to unload oil at Zack's. He further testified that the truck was parked at the end of Zack's property, away from the intersection. After a trial, the jury found Maxwell 100% responsible for the accident and awarded damages. Plaintiffs' motion for a directed verdict as against Lawrence and Lupak Distributors was denied. Plaintiffs appeal from the order denying this motion and from the judgment entered on the verdict.

Plaintiffs essentially contend that the jury's determination exculpating the owner and driver of the delivery truck was against the weight of the evidence. We disagree. Our scope of review in this matter is limited; unless the evidence preponderates so greatly in the movant's favor that the jury could not have reached its conclusion upon any fair interpretation of the evidence, the verdict must stand (see, Schnarch v Owen, 124 AD2d 372; Nicastro v Park, 113 AD2d 129, 132-134; Grimaldi v Finch, 99 AD2d 920, 921). Upon review of the record, we find ample basis for the jury's determination. This intersection was controlled by two traffic control devices: a

---

* A derivative claim was also made on behalf of plaintiff's husband.

stop sign for northbound traffic on Oakwood Terrace and a no parking sign which precluded parking along Main Street in the vicinity of Zack's. Beyond the basic rule that an operator of a motor vehicle is charged with maintaining a proper lookout *(see, Pedersen v Balzan,* 117 AD2d 933; *Grimaldi v Finch, supra),* Vehicle and Traffic Law § 1142 requires that a driver approaching a stop sign first stop and then yield to approaching traffic. While Maxwell testified that he stopped as required, he conceded that the delivery truck "obscured just a small part" of his view of eastbound traffic on Main Street, and that he could see along the eastbound lane for several hundred yards. Based on the foregoing, the jury could properly conclude that despite the fact the delivery truck was illegally parked near the intersection, Maxwell failed to take adequate precautionary measures. It follows that the motion for a directed verdict was properly denied.

Judgment and order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.