■ JAMES KELLNER, Respondent, v DEBUSHEY COACH, LTD., et al., Appellants and Third-Party Plaintiffs, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered January 21, 1987, as was in favor of the plaintiff and against them in the principal sum of $54,000.

Ordered that the judgment is reversed insofar as appealed from, with costs to the defendants payable by the plaintiff, and a new trial is granted with respect to the plaintiff's claims against the defendants.

The plaintiff seeks to recover for injuries allegedly sustained in a motor vehicle accident when the defendants' automobile crossed a double yellow line, at an allegedly high rate of speed, entered the opposing lane of traffic where the plaintiff was lawfully proceeding, and struck the plaintiff's vehicle, propelling it off the highway into a tree. The defendant Dana A. Bushey testified at trial that the accident occurred when he lost control of his car which was traveling at 25 to 30 miles per hour while trying to negotiate a curve on an unfamiliar roadway that was flooded due to a heavy rainfall. A third car, which had been traveling behind the plaintiff, came to rest in contact with the rear of the plaintiff's car, although the defendant Bushey had not seen, and the plaintiff had neither seen nor felt an impact from the third vehicle. The owner and the operator of this third vehicle were impleaded by the defendants.

Following the defendant Bushey's testimony, his counsel moved to dismiss the action on the ground that the court

lacked personal jurisdiction over the defendants. At the court's suggestion, the plaintiff's counsel had that morning reserved the individual defendant in court with a summons with notice, in order to neutralize the defense of lack of personal jurisdiction pleaded in the defendants' answer. Since the Statute of Limitations had not yet run, and since the defendant Bushey offered no testimony on the issue during trial, the court dismissed the affirmative defense.

The court also, upon a motion by the third-party defendant, dismissed the third-party complaint.

At the close of the defendants' case on liability, the court granted the plaintiff's motion pursuant to CPLR 4404 for a judgment as a matter of law on the issue of liability. The court noted that the defendants had produced no expert testimony to connect their allegation of water on the highway and difficulty steering with the happening of the accident so as to diminish the defendants' responsibility for crossing the center dividing lines and striking the plaintiff, who was traveling lawfully in his own lane. The court stated that the defendants failed to implead the governmental agency that defense counsel had suggested in their opening was responsible for the dangerous condition of the road, so that there was no proof of anyone but the defendants being responsible for the accident.

At the commencement of the damages portion of the trial, the defendants objected to the court permitting the plaintiff's neurologist, Dr. Leonard Langman, to testify on the ground that (1) the defendants had received his report only three weeks before trial, and had rejected it, (2) the defendants had never before been informed of Dr. Langman's existence, and (3) Dr. Langman's report listed three new injuries. Finding that the plaintiff's bill of particulars adequately alerted the defendants to the diagnoses contained in Dr. Langman's report, and that the defendants had been remiss in failing to move for relief on this issue prior to jury selection, the court permitted Dr. Langman to testify.

During the damages portion of the trial, the plaintiff testified to having sustained injuries to his head, face, teeth, neck, lower back and feet that continued to date. His neurologist, Dr. Langman, testified that he had examined and treated the plaintiff regularly for over two years for his head, neck and back complaints, that the plaintiff's injuries had been caused by the accident, and that they were permanent. The defendants produced no witnesses on the issue of damages.

The defendants' motion to dismiss the plaintiff's complaint for failure to prove a serious injury as defined by the Insurance Law was denied and the trial court charged the jury without including the instruction on the threshold that the defendants had requested. The jury returned a unanimous verdict for the plaintiff in the principal sum of $54,000.

On appeal the defendants allege that the trial court erred (1) in failing to dismiss the plaintiff's complaint on the ground that there was lack of personal jurisdiction over the defendants, (2) in directing a verdict for the plaintiff on the issue of liability, (3) in permitting the plaintiff's neurologist to testify, and (4) in refusing to dismiss the complaint because the plaintiff failed to prove a serious injury as defined by the Insurance Law, or in the alternative, in declining to submit the threshold issue to the jury. The defendants also allege that the verdict on damages was grossly excessive. We consider the arguments seriatim.

By re-serving the defendants in court before the expiration of the Statute of Limitations, the plaintiff cured any jurisdictional defect as to both the individual defendant and the defendant DeBushey Coach, Ltd., of which the individual defendant was a principal (see, Helfand v Cohen, 110 AD2d 751).

Moreover, under the exchange of medical information rules contained in 22 NYCRR 672.2, 672.7 and 672.8, the Judge presiding at a trial, "in the interests of justice and upon a showing of good cause", may permit the testimony of a physician whose report was not timely exchanged. In the instant case the Trial Judge properly exercised his discretion and permitted Dr. Langman to testify in light of the facts that (a) the defendants had made no motion with respect to Dr. Langman's report before midtrial, (b) they, in any event, had had a physical examination of the plaintiff subsequent to receipt of Dr. Langman's report, (c) Dr. Langman claimed to be the plaintiff's treating neurologist, and (d) his basic findings did not diverge from those outlined in the plaintiff's bill of particulars.

We conclude however, that the trial court erred in granting the plaintiff's motion for judgment as a matter of law in his favor on the issue of liability since the defendant Bushey had come forward with an explanation for his conduct (Pfaffenbach v White Plains Express Corp., 17 NY2d 132; Klein v Klein, 101 AD2d 828). The court further erred in failing to submit the threshold issue as to whether plaintiff had suffered

a "serious injury" to the jury when the evidence produced at trial raised questions of fact as to whether the plaintiff had suffered such an injury under the Insurance Law. While the plaintiff failed at trial to prove a "significant limitation of use of a body function or system", he did present evidence to suggest that he can only move certain parts of his body with pain, and that he had constant pain in his head and teeth. "Although pain can form the basis of a serious injury within the meaning of the No-Fault Law * * * whether it does is a question of fact for the jury" (Kaiser v Edwards, 98 AD2d 825, 826; Slack v Crossetta, 75 AD2d 809, 810). Moreover, while Dr. Langman testified that the plaintiff's injuries were permanent, this allegation of permanency should have been considered by the jury within the context of a charge on the No-Fault Law (see, Quaglio v Tomaselli, 99 AD2d 487, 488). Since there must therefore be a new trial, we do not reach the issue of the size of the verdict.

Moreover, since no argument has been raised regarding the propriety of the trial court's dismissal of the third-party action, that portion of the judgment will not be disturbed (see, Wilson v Mechanical Orguinette Co., 170 NY 542, 553). Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.