■ JEANNE MALONEY, Appellant, v SHOPARAMA INVESTMENT ASSOCIATES, LTD., et al., Respondents. (And a Third-Party Action.)—Levine, J. Appeal from a judgment of the Supreme Court (Intemann, Jr., J.), entered October 27, 1986 in Schenectady County, upon a verdict in favor of defendants Shoparama Investment Associates, Ltd. and Reisman Property Interest, Inc.

Plaintiff, handicapped by a permanent, long-standing back condition, had been confined to a wheelchair for many years. On November 30, 1984 she suffered injuries when the fixed metal bars to which the foot pedals of her wheelchair were attached became stuck in the pavement as she was being pushed down a ramp by her daughter in the shopping mall owned by defendants Shoparama Investment Associates, Ltd. (hereinafter Shoparama) and Reisman Property Interests, Inc. (hereinafter Reisman). She and her daughter had been Christmas shopping at a toy store in the mall leased to and operated by defendant Economy Dry Goods Company, Inc., doing business as Toys-R-Joy (hereinafter Toys-R-Joy). They exited the store and traversed a six-foot wide walk before starting down the ramp leading from the curb to the pavement of the fire lane and parking area of the mall. Supreme Court dismissed plaintiff's action against Toys-R-Joy at the end of plaintiff's case. The jury returned a verdict of no cause of action against Shoparama and Reisman. This appeal by plaintiff ensued.

Plaintiff's first assignment of error is Supreme Court's refusal to grant her an adjournment or mistrial the next trial day after jury selection and openings, which was requested on the ground that she was too ill to attend the trial. Plaintiff had presented a note from her physician declaring that she suffered from a respiratory infection and "it would be unwise for the patient to be outdoors for any length of time". Under these circumstances, we are unable to conclude that the denial of plaintiff's request constituted an abuse of discretion. While a party has a constitutional right to be present at all stages of a trial, that right is not absolute *(Matter of Donna K.,* 132 AD2d 1004). The doctor's statement was, at the least, ambiguous as to whether plaintiff's ailment prevented her attendance in court. In fact, plaintiff appeared and testified extensively the next day and her absence for illness was explained to the jury. Thus, this was not a case where the denial of a requested adjournment resulted in a deprivation of the opportunity to present key testimony of a party or witness *(cf., Matter of City of New York v Unsafe Bldg. & Structure No. 147-21 Huxley St.,* 99 AD2d 533; *Padilla v Montebello Coal & Fuel Oil Corp.,* 14 AD2d 752). The refusal to grant what would have been an indefinite continuance here until plaintiff recovered is not a basis for reversal *(see, Matter of Raymond Dean L.,* 109 AD2d 87; *Satz v Satz,* 88 AD2d 992).

Plaintiff also contends that Supreme Court erred in charging the jury that the deed, dated November 26, 1984, some four days before the accident occurred, by which Shoparama and Reisman acquired title to the mall must be considered on the issue of constructive notice to Shoparama and Reisman. We disagree. Plaintiff produced no evidence that Shoparama and Reisman came into possession of the property before they took title or that they inspected the premises before legal acquisition. Therefore, it would have been purely speculative on the jury's part to have found that Shoparama and Reisman had had an opportunity to discover any dangerous condition and rectify it before acquiring title. We also note that this issue was not preserved for appeal by an appropriate objection or exception to the charge.

Finally, we are unpersuaded by plaintiff's remaining contention that the verdict should have been set aside. There was no proof of actual notice, and as previously discussed, plaintiff's proof was weak as to constructive notice. Moreover, the jury could properly have rejected plaintiff's evidence that the ramp was defectively or dangerously constructed. Plaintiff's only proof on this issue was that, as a ramp for use of the handi-

capped, it was too steep under the standards established by the American National Standards Institute. However, it was not established that the ramp was constructed or renovated subsequent to the adoption of such standards. Therefore, it cannot be said that the evidence preponderated so greatly in plaintiff's favor on these necessary elements of her cause of action that the jury could not have reached its conclusion upon any fair interpretation of the evidence, and the verdict must stand (see, Olson v Maxwell, 125 AD2d 897, 898).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.