■ JULIAN VARGA, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered September 27, 1988 in Chenango County, which granted defendant's motion for summary judgment dismissing the complaint.

In November 1984, plaintiff sustained property damage to his premises in the Town of Bainbridge, Chenango County. Pursuant to the provisions of a homeowners insurance policy issued by defendant, plaintiff was paid $4,050.08 to cover his loss. In March 1988, plaintiff commenced this action claiming that additional money was owed him pursuant to the terms of the policy. After issue was joined, defendant moved for summary judgment dismissing the complaint on the ground that the action was time barred. Condition 8 of the subject policy, as amended by the special provisions endorsement, provides, "No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years after the occurrence causing loss or damage."

Plaintiff countered the limitations argument by claiming that the second cause of action set forth in the complaint states an action in tort based on defendant's bad faith in not paying him the full amount of his demand since defendant was fully reimbursed by the insurance carrier for the individual whose automobile caused the damage to plaintiff's property. Accordingly, plaintiff claims his second cause of action is based on tortious conduct for which the Statute of Limitations is three years. We disagree and affirm the judgment dismissing the complaint.

Although the gravamen of a cause of action generally determines the applicable Statute of Limitations, the broad language of the two-year contractual limitation period is binding *(see, e.g., Wydallis v United States Fid. & Guar. Co.,* 63 NY2d 872; 75 NY Jur 2d, Limitations and Laches, § 9, at

177-179). Here, it is clear that the controversy arises out of and relates to the policy such that the two-year limitation set forth in the policy is applicable. Since the action was commenced more than two years after the occurrence, the complaint was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine JJ., concur.