■ JACOB STERN et al., Respondents, v JULIO E. CALZADO et al., Appellants.—In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Westchester County (Palella, J.), entered February 1, 1988, which, after deducting from the plaintiff Jacob Stern's award $10,500 which the plaintiff Jacob Stern received in no-fault benefits for loss of earnings, is in favor of the plaintiff Jacob Stern in the principal sum of $564,500, and is in favor of the plaintiff Jean Stern the principal sum of $25,000, upon a jury verdict.

Ordered that the judgment is modified, on the law, by reducing the award to Jacob Stern from the principal sum of $564,500 to the principal sum of $546,000; as so modified, the judgment is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

On April 19, 1985, the car driven by the plaintiff Jacob Stern was struck by a school bus owned by the defendant Vanguard Tours, Inc. and driven by the defendant Julio Calzado. As a result of the accident, the plaintiff Jacob Stern suffered a fractured rib, chondromalacia of the patella of the left knee, injury to his lower back which caused a 50% acceleration of the natural degeneration of the disk space between his fifth and sixth vertebrae, and injury to his upper back, all of which caused him pain and which were diagnosed as permanent injuries. In the instant action to recover damages for personal injuries on behalf of Jacob Stern, and damages for loss of services on behalf of his wife, the defendants conceded liability. Thus, the sole issue to be resolved at the trial was the extent of damages sustained.

During the course of the trial, the defendants sought permission to introduce the testimony of Dr. Edward Leahey, an orthopedist who examined the plaintiff Jacob Stern on behalf of his no-fault insurance carrier which was not a party to this litigation. However, permission was refused pursuant to the medical exchange rule (22 NYCRR 202.17 [h]). Contrary to the defendants' contention, we find that the court's action was not an improvident exercise of its discretion. Although it is evi-

dent that all parties had a copy of Dr. Leahey's medical report approximately 11 months prior to the commencement of trial, the defendants did not indicate their wish to use him as a witness until the midst of the trial, effectively depriving the plaintiffs of an adequate opportunity to prepare for his cross-examination. Also, the defendants had alternate sources of expert medical testimony from their witnesses Drs. Weintraub and Rosen. Moreover, there was no showing that Dr. Leahey's testimony was necessary to the defense (see, *Frangello v Namm*, 157 AD2d 649; *Kellner v DeBushey Coach*, 138 AD2d 460; *Washington v 550 W. 158th St. Realty Corp.*, 137 AD2d 426; *McDougald v Garber*, 135 AD2d 80, *mod on other grounds* 73 NY2d 246).

At the trial, an expert established that the plaintiff Jacob Stern lost $81,239 in earnings during the period between the occurrence of the accident on April 19, 1985, and the commencement of trial on September 9, 1987, approximately 29 months. It is clear, therefore, that his lost earnings were more than $1,000 per month. However, since basic economic loss cannot be recovered in a plenary action by a covered person against another covered person, we find that the plaintiff Jacob Stern's award for lost earnings must be reduced by $29,000, the basic economic loss component of the award, rather than the $10,500 deducted by the trial court (see, Insurance Law § 5102 [a] [2]; § 5104 [a]; *Hughes v Ryder Truck Rental*, 125 AD2d 177, 177-178; *McLaurin v Ryder Truck Rental*, 123 AD2d 671, 674; *Fiveson v Kondenar*, 110 AD2d 749, 750-751; *McDonnell v Best Bus Co.*, 97 AD2d 433).

The defendants also contend that the plaintiff Jacob Stern's award for pain and suffering was excessive. We disagree. We find that the jury's award of $500,000 for pain and suffering does not shock the conscience of the court, and, therefore, should not be set aside (see, *Rivera v City of New York*, 160 AD2d 985; *Reger v Long Is. R. R. Co.*, 145 AD2d 618).

We have considered the defendants' remaining contentions and find them to be without merit. Eiber, J. P., Sullivan, Balletta and Miller, JJ., concur.