■ MICHAEL BISBEE, Respondent, v INDEPENDENT COACH CORP. et al., Appellants.—In an action to recover damages for personal injuries sustained in a motor vehicle accident, the defendants appeal from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered February 26, 1990, which, upon a jury verdict finding that the plaintiff had suffered damages in the principal sum of $303,000, is in favor of the plaintiffs and against them in the principal sum of $303,000.

Ordered that the judgment is modified, on the law, by reducing the award to the plaintiff from the principal sum of $303,000 to the principal sum of $253,000; as so modified, the judgment is affirmed, with costs to the plaintiff, and the

matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment.

On the clear, dry day of April 30, 1986, the plaintiff stopped his automobile at a red light. He was then forcefully struck from behind by a school bus owned by the defendant Independent Coach Corp. and operated by the defendant Dolores Healy. Since the defendants conceded liability for the accident, the sole issue to be resolved at trial was the extent of damages sustained by the plaintiff.

After the accident, the plaintiff experienced pain in his left knee and underwent several operations and procedures to alleviate the pain and to repair the knee. At trial, the plaintiff's expert medical witness predicted a total knee replacement operation in the future. The defendants claimed that all complications to the plaintiff's knee resulted from a prior sports injury, rather than from the accident. The jury, crediting the plaintiff's evidence and witnesses, found that the accident had, in fact, caused a further deterioration and permanent injury to the plaintiff's knee, and devised its award accordingly.

Since basic economic loss cannot be recovered in a plenary action by a covered person against another covered person, we find that the plaintiff's award must be reduced by $50,000, the basic economic loss component of the award (see, Insurance Law § 5102 [a]; § 5104 [a]; *Stern v Calzado,* 163 AD2d 299, 300; *McDonnell v Best Bus Co.,* 97 AD2d 433). On the other hand, since we find that the jury's verdict otherwise could have been reached under a fair interpretation of the evidence presented at trial (see, *Frangello v Namm,* 157 AD2d 649), and that the award does not deviate materially from what would be reasonable compensation, we decline to disturb it further (see, *Stern v Calzado, supra; Olson v Maxwell,* 125 AD2d 897, 898; *Grimaldi v Finch,* 99 AD2d 920, 922).

We find the defendants' claims that the court improperly excluded certain testimony and medical records from evidence to be without merit. The defendants failed to provide the plaintiff with the required statutory notice of the expert witnesses whose testimony is at issue (see, CPLR 3101 [d] [1] [i]; 22 NYCRR 202.17 [g], [h]; *Stern v Calzado, supra)* and to lay a proper foundation for the medical records (see, CPLR 4518 [a]). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.