OPINION OF THE COURT
Edward H. Lehner, J.
Before me are motions by (1) defendant George Arieh to reargue a prior decision denying his application to dismiss the action against him for lack of jurisdiction, (2) the receiver for an order directing payment of rent from David Cesaro and declaring that Shoshana Arashi-Levy has no interest in the rent due from Cesaro, (3) Shoshana Arashi-Levy to eject Cesaro from the premises, and (4) plaintiff to hold Arieh in criminal and civil contempt for failure to comply with the order of receivership.
FACTS
In September 1992 plaintiff commenced an action to foreclose a mortgage on property owned by Arieh. Pursuant to plaintiffs ex parte application, on October 16, 1992 I appointed Stanley Klein to be receiver of the subject property. Service of the summons and complaint upon all defendants other than Arieh was made by November 18, 1992, but since service was not effected upon Arieh within the 120-day period specified in CPLR 306-b (a), a new action was commenced by purchase of a new index number on March 30, 1993. The two actions were subsequently consolidated. On April 22, 1993 proof of service on Arieh pursuant to CPLR 308 (2) was filed. On July 7, 1993 Arieh filed a petition under chapter 11 of the 1978 Bankruptcy Code (11 USC), thus effecting a stay of this action. That stay was lifted on October 7, 1993 by Judge Abram of the Bankruptcy Court. Arieh was then personally served with the summons and complaint on November 10, 1993 by plaintiffs counsel at a meeting of creditors, which service is acknowledged by Arieh’s counsel, but proof of such service was never filed with the County Clerk.
*520 Plaintiff then moved for a default judgment, the appointment of a Referee to compute, and the substitution of NS Operating Associates L.P. as party plaintiff, the subject mortgage having allegedly been assigned to said partnership in August 1993. That motion was granted on default by decision dated December 9, 1993, with a direction to settle an order.
Prior to the settlement of an order, Arieh moved by order to show cause to dismiss the action for lack of jurisdiction, which motion came on for oral argument on December 17, 1993. Since it then appeared that plaintiff was relying only on the November 1993 service to satisfy jurisdiction over Arieh, the motion to dismiss was denied in light of Arieh’s acknowledgment that he in fact was personally served at that time.
By order to show cause dated February 14, 1994, Arieh moved for reargument, asserting that the November service did not give the court jurisdiction, maintaining that since the service in April was not valid, he was not effectively served within the 120-day period specified in CPLR 306-b (b), with the consequence that the action was automatically dismissed 120 days after the March 30, 1993 filing. At oral argument on this motion held on February 18, 1994, plaintiff stated that it was now claiming jurisdiction based on the April service. As a result, I directed a traverse hearing which was held on February 25, 1994. At that hearing it was clear that in April 1993 Arieh did not live at the building where service was purportedly then made upon him by service upon a doorman under CPLR 308 (2). Hence, I ruled that jurisdiction was not obtained by virtue of such service. As a consequence of such ruling Arieh asserts that the second action was automatically dismissed 120 days after its commencement and that accordingly, since no action against him (a necessary party as the owner of the property being foreclosed) is now pending, the receivership should be terminated.
DISCUSSION
CPLR 306-b (a) provides that "[i]f proof of service is not filed and there has been no appearance by the defendant within the time provided in this section for filing proof of service [i.e., 120 days after filing of the summons and complaint], the action * * * shall be deemed dismissed as to the non-appearing party with respect to whom no proof of service has been filed, without prejudice”. As a result of the failure to serve Arieh within 120 days of the commencement of the action *521 filed in September 1992, that action was automatically dismissed as against him, which dismissal was without prejudice.
Subdivision (b) of CPLR 306-b provides in part: "If an action dismissed for failure to file proof of service pursuant to this section or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period”.
The question first posed is whether the fact that valid service was not effected upon Arieh within 120 days of the commencement of the second action mandates dismissal pursuant to subdivision (b) of CPLR 306-b. I find that although the statute is not clear, this subdivision is only applicable if the Statute of Limitations had expired prior to the commencement of the second action. If the law were otherwise, a claim which would remain timely for several more years would be barred for failure to effect valid service within the 120-day period specified therein. No such radical amendment was intended by the adoption of CPLR 306-b (b). The intent was clearly to extend the statute, not shorten it.
Hence, I find that upon the automatic dismissal without prejudice of the first action, plaintiff, not being faced with a Statute of Limitations that expired during the 120-day period, had the right to institute a new action. Such action would be subject only to the automatic dismissal rule of subdivision (a) of CPLR 306-b if proof of service is not filed or an appearance made within the 120-day period after the commencement thereof. As I view the statutory framework, there is no limit to the number of actions that could be commenced, with appropriate payment of new index number fees, under subdivision (a).
In the case at bar, an affidavit of service with respect to the April service pursuant to CPLR 308 (2) was filed within a month of the commencement of the second action. Hence the requirement of subdivision (a) for such a filing was satisfied. The question next posed is what is the effect of my finding that the April service was invalid. If subdivision (b) were applicable, plaintiff could commence a new action, but would be required to effect a valid service within 120 days of the *522 prior dismissal or seemingly face dismissal with prejudice. But, since the Statute of Limitations has not expired, that subdivision is, as stated above, inapplicable.
Under these circumstances plaintiff could now commence a new action. However, here plaintiff effected a valid service in November 1993. Although that service was made beyond the 120-day period after the commencement of the second action, it was made while that action was still pending as it was effected prior to the determination that the April service was invalid. As a valid reservice in a pending action, I find that personal jurisdiction was obtained thereby. (See, IBJ Schroder Bank & Trust Co. v Zaitz, 170 AD2d 579; Sirota v Kloogman, 140 AD2d 426; Kellner v DeBushey Coach, 138 AD2d 460, 462.) Accordingly, Arieh’s motion to dismiss for lack of jurisdiction is denied. However, because of the confusion resulting from the foregoing, defendant shall have 20 days after service of a copy of this order to interpose an answer.
The application with respect to the tenancies of Arashi-Levy and Cesaro were disposed of in the decision spread on the record on April 22, 1994.
With respect to the application to punish Arieh for contempt, it appears that he has not forwarded to the receiver all of the leases and records directed to be turned over pursuant to the order of receivership. However, it is not clear from the oral argument of April 22 which leases and records have not been delivered to the receiver. Thus, the application to punish for contempt is held in abeyance pending a hearing in this part on June 24, 1994 at 2:00 p.m. at which time the parties shall present proof as to what documents have been delivered to the receiver and which remain to be delivered.