*109 OPINION OF THE COURT
Irad S. Ingraham, J.
Plaintiff brings suit to recover insurance proceeds after a fire at her property. Defendant moves to dismiss the complaint upon the grounds that plaintiff violated the fraud and misrepresentation provisions of the insurance policy and that plaintiff has failed to bring suit within the two-year period mandated by the insurance contract. Plaintiff disputes these allegations and contends that she has not made any misrepresentations to Broome.
The parties, represented by counsel, appeared before this court for oral argument at the Otsego County Courthouse in Cooperstown, New York, on June 23, 1995.
FINDINGS OF FACT
Plaintiff procured a policy of fire insurance from defendant, Broome County Co-operative Fire Insurance Company (Broome), in 1989. Subsequently, on November 16, 1992, while said policy was in full force and effect, plaintiff’s property was severely damaged by a fire. At the time of the fire, plaintiff was not residing on the premises and the house was being occupied by Robin Craig, the fianceé of plaintiff’s daughter. A subsequent examination by County fire investigators revealed the existence of materials and equipment used for the cultivation of marihuana plants on the premises. Subsequently, Craig was convicted and imprisoned for this crime.
Following the fire, plaintiff notified defendant insurance company and filed proof of loss dated January 13, 1993. On this proof of loss, plaintiff indicated that, since the time of the issuance of the policy, there had been no change in the use, occupancy, or possession of the property; that the property was maintained at the time of the loss for the uses contemplated by the policy; and that there were no mortgages upon the property. Investigation revealed that plaintiff had not been residing in the premises at the time of the loss and that there was in fact a mortgage on the property in the amount of $8,444.26.
Plaintiff originally then brought suit on July 25, 1994, but the action was dismissed because the complaint was improperly served.* Plaintiff has refiled and served the summons and complaint on May 18, 1995.
*110 CONCLUSIONS OF LAW
Defendant first contends that the present suit is untimely and barred by the contractual Statute of Limitations. Pursuant to paragraph 10 of the policy of insurance, any suit against Broome must be brought within two years after the fire loss. The initial loss occurred on November 16, 1992. The present suit was instituted by filing of summons and complaint on May 18, 1995, over 2 1h years after the initial fire loss. Plaintiff contends that the suit was timely commenced on July 25, 1994, within the contractual limitation, and was recommenced as permitted by statute.
Pursuant to CPLR 306-b (b), if an action is dismissed for failure to effect proper service, a new action based upon the same facts may be commenced within 120 days of the dismissal, even if the Statute of Limitations has expired. (See, North Side Sav. Bank v Arieh, 161 Misc 2d 518, 520 [Sup Ct, NY County 1994].) Defendant contends that this statute operated only to expand statutorily proscribed Statutes of Limitations and should not invalidate the mutually agreed upon contractual limitations.
Generally, parties to a contract may mutually agree to shorten the limitations period so long as the period is reasonable and expressly stated. (Rudin v Disanza, 202 AD2d 202, 203 [1st Dept 1994]; Top Quality Wood Work Corp. v City of New York, 191 AD2d 264 [1st Dept 1993]; Varga v Liberty Mut. Ins. Co., 157 AD2d 1007 [3d Dept 1990].) The CPLR 306-b statute, enacted in 1992 (L 1992, ch 216), was intended to provide a "second chance,” however, for litigants who faced a dismissal of their action due to some irregularity in service of process. (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C306-b:3, 1995 Pocket Part, at 70.) Pursuant to CPLR 104, this and all statutes within the CPLR "shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” The shorter contractual provision should be read strictly against the party seeking to enforce it.
To invoke section 306-b (b), two criterion must be met: (1) the action must have been timely commenced in the first instance; and (2) it must have been dismissed thereafter for failure to effect proper service. (Matter of Yancey v Hernandez-Pinero, 158 Misc 2d 514, 519 [Sup Ct, NY County 1993].) Both requirements are met in the matter at hand.
*111 This action was originally timely commenced within the contractual two-year Statute of Limitations. Although the prior action was ultimately dismissed for failure to effect proper service upon the defendant, this action was recommenced within 120 days of that dismissal. The two-year limitation, while contractual, serves to shorten the statutory limitation. It would be inequitable now to determine that the Legislature intended to grant the second chance relief for a statutory limitations period, but to withhold it from a contractual limitations period.
Accordingly, defendant’s motion to dismiss the action upon the ground that plaintiff has failed to institute the present action within the pertinent contractual limitations period is denied.
[Portions of opinion omitted for purposes of publication.]

 Decker v Broome County Co-op. Fire Ins. Co., Otsego County, May 16, 1995, index No. 53088.