OPINION OF THE COURT
Arlene P. Bluth, J.
The jury trial on damages in this automobile accident case was held from May 9 through May 13, 2005, defendants having *855 conceded liability. The accident occurred while plaintiff, a driving instructor, was on the job. All parties were “covered persons” under the No-Fault Law, and plaintiff testified at trial that he did not receive any compensation from any source, including workers’ compensation, for his lost earnings. At the conclusion of the trial, the jury returned a verdict finding that plaintiff had suffered a serious injury under the No-Fault Law, and awarded plaintiff $20,000 for past pain and suffering and $5,000 for lost earnings. After the jury returned its verdict, defendants moved to set aside that portion of the verdict awarding damages for lost earnings. The court reserved decision, and requested posttrial briefs from the parties on this issue. For the following reasons, the jury’s award of damages for lost earnings is stricken.
Under the No-Fault Law, basic economic loss may not be recovered in a plenary action by a covered person against another covered person. (See Insurance Law § 5104 [a]; Canfield v Beach, 305 AD2d 440, 442-443 [2d Dept 2003].) Basic economic loss means the first $50,000 in such items as medical expenses and lost earnings. (See Insurance Law § 5102 [a].) Thus, when car registrants purchase automobile insurance policies, they know that they will not be hable for the basic economic loss of any persons injured as a result of a car accident because no-fault will fully cover those damages.
Therefore, contrary to plaintiffs argument, the fact that he did not receive any finds to compensate him for his lost wages is irrelevant because this is an action by a covered person against another covered person, and the prohibition against the recovery of the first $50,000 in basic economic loss in a tort action is absolute. (See Insurance Law § 5104 [a]; Bisbee v Independent Coach Corp., 182 AD2d 661 [2d Dept 1992]; Stern v Calzado, 163 AD2d 299, 300 [2d Dept 1990]; Fiveson v Kondenar, 110 AD2d 749 [2d Dept 1985].)
This means that, under the No-Fault Law, even a “seriously injured” plaintiff will only be liable to the injured party for any economic loss that exceeded $50,000 as well as for pain and suffering. (See Fischer v Luczak, 198 AD2d 474, 475 [2d Dept 1993]; Insurance Law § 5104 [a].) Quite simply, insured defendants are not guarantors of payment for monies that could have or should have been paid by the no-fault portion of their policy, even if they are found responsible for the accident that caused the plaintiff a serious injury.
Clearly, had plaintiffs injury not occurred on the job, his sole avenue for recovering for his lost earnings would have been *856 through no-fault and he could not have recovered that $5,000 in this tort action. The court finds that the fact that plaintiff’s injury occurred on the job, thereby making him eligible for workers’ compensation benefits, does not take him outside the No-Fault Law and entitle him to recover for basic economic loss in this action. To hold otherwise would allow plaintiff a benefit not contemplated by the statutory scheme. (See, e.g., Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.], 76 NY2d 248, 254 [1990] [holding so as to avoid an “unintended and undesirable windfall” to the plaintiff].) In addition, the court notes that Castleberry v Hudson Val. Asphalt Corp. (70 AD2d 228 [2d Dept 1979]), the case cited by plaintiff for the proposition that the collateral source rule applies in workers’ compensation cases, is inapposite because there the work-related injury did not arise out of a motor vehicle accident, and therefore the No-Fault Law never came into play.
For the foregoing reasons, that portion of the verdict awarding plaintiff $5,000 for lost earnings is hereby stricken.