In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated November 21, 2011, which denied her motion pursuant to CFLR 4404 to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict in the interest of justice and for a new trial.
*777 Ordered that the order is affirmed, with costs.
Contrary to the plaintiffs contentions, the Supreme Court did not err in permitting the defendants to introduce the deposition testimony of the defendant Amadou Bah at trial due to Bah’s unavailability, in light of the diligent but unsuccessful efforts of the defendants to locate him (see CPLR 3117 [a] [3] [iv]; cf. Dailey v Keith, 306 AD2d 815 [2003], affd 1 NY3d 586 [2004]). The court also properly denied the plaintiffs request for a missing witness charge as to Bah, as “a genuine inability to locate a witness will foreclose a missing witness instruction” (People v Savinon, 100 NY2d 192, 198 [2003]; see People v Bryant, 11 AD3d 630, 631 [2004]).
The Supreme Court properly declined to charge the jury with respect to Vehicle and Traffic Law § 1180 (a) and Traffic Rules and Regulations of the City of New York (34 RCNY) § 4-06, as the plaintiffs own accident reconstruction expert indicated that Bah was not traveling at an unreasonable or imprudent speed at the time of the accident (see Hunt v Ryzman, 292 AD2d 345, 346 [2002]; Putnam v Lamoreaux, 59 AD2d 974, 975 [1977]).
Accordingly, the Supreme Court properly denied the plaintiffs motion pursuant to CPLR 4404 to set aside the jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict in the interest of justice and for a new trial. Angiolillo, J.P, Chambers, Roman and Hinds-Radix, JJ., concur.