■ CITY OF SYRACUSE, Appellant, v UTICA MUTUAL INSURANCE COMPANY, Respondent. — Order unanimously affirmed, with costs. Memorandum: The City of Syracuse appeals from an order which granted summary judgment to Utica Mutual Insurance Company and dismissed the petition in this proceeding brought by the city to stay arbitration of a loss-transfer claim made by Utica Mutual on the ground that the demand for arbitration is barred by the Statute of Limitations (General Municipal Law, § 50-i, subd 1, par [c]). Utica Mutual had paid its insured first-party benefits for injuries resulting from an accident with a city truck and sought by arbitration to transfer the loss to the city, a self-insurer. It is clear that Special Term had jurisdiction to resolve the threshold question as to whether no-fault arbitration should be stayed, and whether the claim was barred, by limitation of time (CPLR 7503, subd [a]; 7502, subd [b]; *Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6; *Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 363). On the substantive issue, disputed loss-transfer claims must be submitted to mandatory arbitration (Insurance Law, § 674) and although the rights are in the nature of subrogation, the claim is not one in tort but one under the no-fault legislation. Thus we have previously held that service of a notice of claim required by section 50-e of the General Municipal Law is unnecessary as a condition precedent to mandatory arbitration under no-fault (*City of Syracuse v Utica Mut. Ins. Co.,* 83 AD2d 116). By choosing to be self-insured, the city stands in the same position as any other insurer for purposes of the no-fault equitable adjustment procedure. Although Special Term found that Utica Mutual interposed its claim in timely fashion, we affirm because we hold that failure to comply with the special shortened Statute of Limitations for tort claims under section 50-i of the General Municipal Law would not be a bar to loss-transfer mandatory arbitration procedure. (Appeal from order of Supreme Court, Onondaga County, Inglehart, J. — arbitration.) Present — Simons, J. P., Hancock, Jr., Doerr, Moule and Schnepp, JJ.