■ Thomas F. McDonnell et al., Respondents, v Best Bus Company, Inc., et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from a judgment of the Supreme Court, Suffolk County (Jones, J.), dated December 8, 1980, which, after a jury trial, (1) was in favor of plaintiff Thomas F. McDonnell in the principal sum of $278,290.97 and (2) was in favor of plaintiff Mary McDonnell in the principal sum of $50,000. Judgment modified, on the law and the facts and as a matter of discretion, by (1) reducing the principal sum awarded to plaintiff Thomas F. McDonnell to $255,394, and (2) deleting therefrom the second decretal paragraph. As so modified, judgment affirmed, without costs or disbursements. The cause of action by plaintiff Mary C. McDonnell is severed and a new trial is granted with respect thereto as to the issue of damages only, unless within 20 days after service upon said plaintiff of a copy of the order to be made hereon, together with notice of entry, she shall serve and file in the office of the clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the verdict as to her to the principal sum of $30,000 and to the entry of an amended judgment accordingly. In the event she so stipulates, then the judgment as to her, as so reduced and amended, is affirmed, without costs or disbursements. The findings of fact as to liability are affirmed. In this action to recover damages for personal injuries sustained on October 25, 1976 in a motor vehicle accident, the trial court failed to deduct from the total award to plaintiff Thomas F. McDonnell a sum constituting his basic economic loss that cannot be recovered in a tort action against another covered person under the no-fault automobile insurance law (Insurance Law, § 671, subd 1; § 673, subd 1; *Matter of Granger v Urda,* 44 NY2d 91, 95). Hence the verdict of $4,893.65 for past and future medical expenses should have been deducted as part of basic economic loss (Insurance Law, § 671, subd 1, par [a]). A further basic economic loss deduction of $31,700, representing his maximum lost earnings measured at the statutory rate of $1,000 per month for three years following the date of the accident (Insurance Law, § 671, subd 1, par [b]), should likewise have been made from the verdict of $212,094 for past and future lost earnings in order to cover the period between March 3, 1977, when he ceased working, and October 25, 1979, the third anniversary date of the October 25, 1976 accident. The principal award to plaintiff Thomas F. McDonnell, therefore, is $255,394, representing $180,394 in lost earnings and $75,000 for past and future pain and suffering. With respect to the verdict in favor of plaintiff Mary C. McDonnell in the principal sum of $50,000 for loss of services, the evidence in the record supports an award of no more than $30,000. We have considered defendants' other points and find them to be without merit. The judgment must be modified accordingly. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.