SANFORD FIVESON, Appellant, v ROBERT J. KONDENAR et al., Respondents.

The special verdict in this motor vehicle negligence action was $20,000 for pain and suffering and $80,000 for loss of earnings.

Pursuant to its interpretation of the No-Fault Law (Insurance Law art 51, former art XVIII), the trial court reduced the total award of $100,000 to $64,000 by deducting $36,000 from the lost earnings portion of the award. Appellant contends that only $16,000 should have been deducted. We disagree.

Prior to the accident plaintiff's earnings as a self-employed process server were in excess of $1,000 a month. He was permanently disabled from such employment as the result of an accident wherein he was operating his own vehicle. Since he was a "[c]overed person" as defined in Insurance Law § 5102 (j) (Insurance Law former § 671 [10]), he was entitled to receive as "[f]irst party benefits" (Insurance Law § 5103, former § 672; § 5102 [b], former § 671 [2]), from his insurer, the " '[b]asic economic loss' " of lost earnings from work "up to one thousand dollars per month for not more than three years from the date of the accident causing the injury" (Insurance Law § 5102 [a] [2], former § 671 [1] [b]), *diminished* by (1) "[t]wenty percent of lost earnings" (Insurance Law § 5102 [b] [1], former § 671 [2] [a]) and (2) "[a]mounts recovered * * * on account of such injury under * * * federal laws providing social security disability benefits" (Insurance Law § 5102 [b] [2], former § 671 [2] [b]).

Plaintiff testified out of the presence of the jury, as suggested in 1 NY PJI 2d 274 (Supp), that he received no-fault payments from his insurer for only 18 months, since such payments ceased upon inception of Social Security disability payments to him. He also introduced into evidence his income tax returns for the two years preceding the accident, indicating an average net monthly income of $1,066. In such case the monthly no-fault payment (i.e., the first-party benefits), based on the statutory 20% deduction, would have been $853, and the total for the 18 months of receipt would have been $15,354 (rounded out to $16,000 at the suggestion of plaintiff's counsel). It is this sum, $16,000, not $36,000, which plaintiff contends was the proper sum to deduct from the lost earnings award of $80,000, relying, implicitly, on the collateral source rule as to his receipt of Social Security disability payments (*see, Healy v Rennert,* 9 NY2d 202).

Obviously, insofar as lost earnings are concerned, the terms "basic economic loss" and "first party benefits", as defined in the No-Fault Law, are not synonymous. Here, since plaintiff's preaccident monthly earnings were at least $1,000 and his period of disability, starting immediately after the accident, was at least three years, the lost earnings portion of his "basic economic loss" was $36,000, while the "first party benefits" received by him from his insurer were approximately $16,000. Since, per Insurance Law § 5104 (a) (former § 673 [1]), plaintiff

could not recover "basic economic loss" from the defendant tort-feasor (*see, McDonnell v Best Bus Co.,* 97 AD2d 433), the trial court was correct in deducting $36,000 from the lost earnings portion of the award. As stated in 1 NY PJI 2d 274 (Supp): "As there can be no recovery for basic economic loss, there is no reason for application of the collateral source rule". Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.