In the Matter of PUREX INDUSTRIES, INC./BARON BLAKESLEY DIVISION, Appellant, v NATIONWIDE MUTUAL INSURANCE COMPANY, Respondent.

Second Department, August 26, 1985

**APPEARANCES OF COUNSEL**

*Freed & Lerner* (*Lance M. Freed* of counsel), for appellant.

*Kelly, Rode, Kelly & Burke* (*Joseph K. Strang* of counsel), for respondent.

**OPINION OF THE COURT**

NIEHOFF, J.

These appeals raise the question of whether a qualified out-of-State self-insurer is an "insurer" within the province of New York's no-fault insurance law. For the reasons that follow, we hold that the petitioner is an insurer and is thus subject to the mandatory intercompany arbitration procedures set forth in Insurance Law § 5105.

The facts underlying this action are as follows:

Petitioner Purex Industries, Inc./Baron Blakesley Division is the owner of a certain truck registered in the State of New Jersey. On June 12, 1981, the truck was involved in an accident in this State with a vehicle insured by respondent Nationwide Mutual Insurance Company (hereinafter Nationwide). At the time of the accident petitioner's vehicle did not have a policy of insurance issued to it. Nationwide alleges that it has paid

approximately $15,000 in first-party benefits to the owner and operator of its insured vehicle, who was injured in the accident, and it now seeks to recoup those payments from petitioner through mandatory arbitration. After receiving Nationwide's notice of intention to arbitrate, the petitioner commenced this proceeding seeking a permanent stay of arbitration. Special Term denied the application, dismissed the proceeding and directed the parties to proceed to arbitration. We deem that to have been a correct disposition of the application.

Initially, on this appeal, petitioner claims that, as the owner of the truck, it is a "covered person" within the meaning of Insurance Law § 5102 (j). Petitioner next claims that Nationwide's demand for arbitration is really in the nature of a subrogation action and that, as a result, the demand for arbitration must be viewed as an action on behalf of a covered person (i.e., Nationwide's insured owner-driver). Based upon the fact that it comes within the definition of "covered person", petitioner then concludes that the arbitration must be stayed because New York's No-Fault Law prohibits any action by or on behalf of one covered person against any other covered person to recover for basic economic loss (Insurance Law § 5104 [a]).

We reject this argument for two separate and distinct reasons. The first reason is that the mandatory arbitration provisions of the Insurance Law are concerned with a party's status as an insurer or compensation provider irrespective of whether the party may also be a "covered person". Secondly, we refuse to equate an arbitration proceeding by an insured in which it seeks recoupment of first-party benefits with an action on behalf of a covered person.

With respect to the petitioner's status argument, petitioner may very well be a covered person under certain of the provisions of the Insurance Law. However that may be, the question at issue is not whether petitioner is a covered person but whether petitioner is an insurer within the purview of the mandatory arbitration provisions of the Insurance Law. Our reading of the pertinent statutes leads us to conclude that petitioner is an insurer and, therefore, is subject to mandatory arbitration for adjusting the payment of no-fault benefits between insurers.

Provision for the mandatory intercompany arbitration sought to be stayed by the petitioner herein is found in Insurance Law § 5105 (formerly Insurance Law § 674 at the time this matter was decided by Special Term). That section reads, in relevant part, as follows:

"§ 5105. Settlement between insurers

"(a) Any insurer liable for the payment of first party benefits to or on behalf of a covered person and any compensation provider paying benefits in lieu of first party benefits which another insurer would otherwise be obligated to pay pursuant to subsection (a) of section five thousand one hundred three of this article or section five thousand two hundred twenty-one of this chapter has the right to recover the amount paid from the insurer of any other covered person to the extent that such other covered person would have been liable, but for the provisions of this article, to pay damages in an action at law. In any case, the right to recover exists only if at least one of the motor vehicles involved is a motor vehicle weighing more than six thousand five hundred pounds unloaded or is a motor vehicle used principally for the transportation of persons or property for hire * * *

"(b) The sole remedy of any insurer or compensation provider to recover on a claim arising pursuant to subsection (a) hereof, shall be the submission of the controversy to mandatory arbitration pursuant to procedures promulgated or approved by the superintendent. Such procedures shall also be utilized to resolve all disputes arising between insurers concerning their responsibility for the payment of first party benefits."

The above section makes arbitration the exclusive forum for the resolution of disputes concerning the payment of first-party benefits between insurers or compensation providers. We are satisfied that the record before us establishes that petitioner is the self-insured owner of the vehicle involved in the accident pursuant to the laws of its home State, New Jersey, and it is not disputed that it weighs in excess of 6,500 pounds unloaded. Insurance Law § 5102 (g) defines an insurer as meaning: "the insurance company or self-insurer, as the case may be, which provides the financial security required by article six or eight of the vehicle and traffic law."

Moreover, the rules covering the settlement of first-party benefit controversies, which have been promulgated by the Superintendent of Insurance, specifically include self-insurers in the term "insurer" for mandatory arbitration procedure purposes. Thus, 11 NYCRR 65.10 provides that the "term *insurer* as used in this section * * * shall include both 'insurers' and 'self insurers'" and 11 NYCRR 65.10 (a) states that all "insurers shall submit controversies arising out of accidents, insured events or occurrences within the jurisdiction of section 674 [now § 5105] * * * of the Insurance Law to mandatory arbitration, as prescribed in this section".

It is clear that if the financial security required under Vehicle and Traffic Law article 6 had been provided by an insurance company, rather than by way of petitioner's qualification under New Jersey law as a self-insurer (*see,* Vehicle and Traffic Law § 311 [3]), then there would be no bar to mandatory intercompany arbitration. We perceive no sound reasons for a different result simply because petitioner chooses to be self-insured. "By choosing to be self-insured, [petitioner] stands in the same position as any other insurer for purposes of the no-fault equitable adjustment procedure" (*City of Syracuse v Utica Mut. Ins. Co.,* 90 AD2d 979, *affd* 61 NY2d 691).

Both the Legislature and the Superintendent of Insurance have seen fit to include self-insurers within their respective definitions of insurers. Absent from those definitions is any exception for self-insured covered persons or even the slightest hint that such covered persons are to be excluded from the prescribed first-party settlement procedures.

On the contrary, the regulations clearly provide for mandatory arbitration between insurance companies or self-insurers. Indeed, self-insurers, as the owners of the vehicles, will always be "covered persons", under the No-Fault Law (Insurance Law § 5102 [j]). In short, it just does not make sense for the regulations to envision arbitrations involving self-insurers if, as petitioner argues, self-insured covered persons are immune from arbitration.

But for the No-Fault Law, petitioner would be liable as an "insurer" to Nationwide's insured in an action at law. That being the case, petitioner must be held to be subject to Nationwide's claim for recoupment of the benefits which Nationwide has paid to its insured. Consequently, we hold that the statutory scheme permits an insurance carrier to seek recoupment of first-party benefits from a self-insurer through the procedure of arbitration, even if that self-insurer is also a covered person (*see, e.g., City of Syracuse v Utica Mut. Ins. Co., supra*).

In addition to arguing that its coincidental status as a "covered person" automatically exempts it from mandatory arbitration, petitioner asserts that it is shielded from Nationwide's claim by virtue of Insurance Law § 5104 (a). That section provides, in relevant part, that:

"§ 5104. Causes of action for personal injury.

"(a) Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of

recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss."

Petitioner's contention can be capsulized thusly: Nationwide's claim for reimbursement of the no-fault benefit it has paid is in the nature of a subrogation claim, on behalf of another "covered person", its insured; since the above-quoted provision of the No-Fault Law forbids an action by or on behalf of one covered person against another covered person, petitioner claims that Nationwide's request for arbitration must be barred.

While Nationwide's claim may be in the nature of subrogation, it does not necessarily mean that the claim is an action "on behalf of" a covered person within the meaning of the above statute. What the statute provides is that Nationwide's insured, the person injured as a result of the petitioner's negligence, has no right to recover for noneconomic loss against petitioner because he is a covered person. The statute does not provide that Nationwide has lost its statutory right to recover benefits it paid to its insured. Nationwide's request for arbitration and the recoupment of first-party benefits is not an action "on behalf of a covered person" (Insurance Law § 5104 [a]). Rather, it is an assertion of a claim possessed solely by Nationwide independent of its insured, pursuant to statute.

We also reject the argument by petitioner that it is exempt from any obligation to furnish financial security for its vehicle pursuant to Vehicle and Traffic Law article 6. That argument is based upon the provisions of Vehicle and Traffic Law § 321 (1) which reads as follows:

"§ 321. Exceptions

"1. This article shall not apply to any motor vehicle for the operation of which security is required to be furnished under section three hundred seventy of this chapter, including those for which a certificate is issued pursuant to section three hundred seventy-one of this chapter or under a similar law in another state except as may be provided in section three hundred seventy; to any motor vehicle operated under a permit or a certificate of convenience and necessity issued pursuant to the public service law or pursuant to section fifty-a of such law, or under a permit or certificate issued by the public utility regulatory agency of another state; nor to any motor vehicle registered pursuant to subdivision thirteen of section four hundred one of this chapter, nor to any vehicle for which a permit or certificate is in force pursuant to the interstate commerce act nor to any motor vehicle owned by the United States, any state or any political subdivisions of any state."

First, we note that there is insufficient evidence in this record to establish that the subject truck was being operated under a permit or certificate issued pursuant to the Interstate Commerce Act (Vehicle and Traffic Law § 321 [1]). Furthermore, the petitioner's truck was privileged to operate in this State only if it was self-insured pursuant to the laws of its home State, New Jersey (see, Vehicle and Traffic Law § 311 [3]; § 318 [4] [a]). And, even if the subject truck were exempt from the financial security provisions of Vehicle and Traffic Law article 6 pursuant to section 321 (1) of that law, the truck would, nevertheless, be subject to the No-Fault Law by reason of that language of section 321 (2) which states: "2. Provided, however, that any motor vehicle exempted in subdivision one of this section from the provisions of any portion of this article shall be subject to the provisions of article eighteen of the insurance law" (see also, Joyce v Winkler, 71 AD2d 28).

The appeal from the judgment dated February 24, 1984 should be dismissed. That judgment was superseded by the order dated June 18, 1984, made upon reargument. The order dated June 18, 1984 should be affirmed insofar as appealed from and the respondent should be awarded one bill of costs.

LAZER, J. P., GIBBONS and BRACKEN, JJ., concur.

Appeal from a judgment of the Supreme Court, Nassau County, dated February 24, 1984, dismissed.

Order of the same court dated June 18, 1984, affirmed insofar as appealed from.

Respondent is awarded one bill of costs.