(December 2, 1986)

■ Stephen Hughes et al., Respondents, v Ryder Truck Rental, Inc., et al., Appellants.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered August 30, 1985, denying defendants' posttrial motion to reduce the $800,000 verdict in plaintiff Calisi's favor by $36,000, unanimously reversed, on the law, without costs or disbursements, and the motion granted.

Plaintiff Calisi, a New York City police officer and pedestrian at the time, was injured through the negligent operation of a covered motor vehicle, as a result of which he never again returned to work. For the first 14 months following the accident he received his full salary. He thereafter retired as a result of the injuries sustained in the accident on a three-quarters disability pension, which he will receive for the remainder of his life. At the trial of his action against the tort-feasors, defendants herein, he sought and was awarded lost earnings from the date of the accident to the date of the trial. His expert testified that a police officer's base salary was never less than $24,215 in the 3½-year interval between the accident and the trial, and in the last year reached $30,126. Thus, said plaintiff's gross lost earnings at the time of trial were projected to be $125,000. The jury awarded him $140,000 for lost earnings and pain and suffering from the date of accident. He was also awarded $580,000 in future lost earnings.

After the trial, defendants moved to reduce the verdict by $36,000, the amount of basic economic loss for lost earnings, i.e., up to $1,000 per month for the first 36 months (Insurance Law § 5102 [a] [2]), which, they argued, may not be recovered in a plenary action to recover for a serious injury. Special Term denied the motion. We reverse.

Since basic economic loss may not be recovered in a plenary action by a covered person against another covered person (Insurance Law § 5104 [a]), plaintiff Calisi's award of full lost earnings from the date of accident must be reduced by $36,000, the basic economic loss component of that award. That said plaintiff did not receive first-party benefits is, contrary to his argument, irrelevant, since the prohibition against the recovery of basic economic loss from a tort-feasor is absolute. *(See, Matter of Granger v Urda,* 44 NY2d 91; *McDonnell v Best Bus Co.,* 97 AD2d 433; *Fiveson v Kondenar,* 110 AD2d 749.)* In any event, the terms "basic economic loss" and "first-party benefits", as used in the No-Fault Law, are not synonymous. *(Fiveson v Kondenar, supra,* at p 750.) Since a police officer's pretrial monthly salary significantly exceeded $1,000, which figure was used as a measure of plaintiff Calisi's pretrial lost earnings, and he was disabled for at least three years after the accident, the lost earnings portion of his basic economic loss was $36,000. This amount, which we do not have any difficulty in extricating from the $140,000 pretrial damage award, mostly representing lost earnings, must be deducted from the verdict without consideration of any other benefits he received. Concur—Murphy, P. J., Sullivan, Asch, Fein and Wallach, JJ.