■ EMPIRE INSURANCE COMPANY, as Subrogee of THOMAS CLERKIN, Appellant, v METROPOLITAN SUBURBAN BUS AUTHORITY, Respondent.—Order, Supreme Court, New York County (Charles Ramos, J.), entered August 3, 1988, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211, unanimously affirmed, without costs.

Plaintiff-appellant insurer, Empire Insurance Company (Empire), commenced this action on or about March 4, 1988, as subrogee, to recover no-fault benefits paid to its insured, Thomas Clerkin, on a claim arising from an automobile accident involving a bus owned by defendant, Metropolitan Suburban Bus Authority (MSBA), and driven by its employee. The accident occurred on July 17, 1985 at Jones Beach State Park in Nassau County.

In a decision dated June 23, 1988, the IAS Part granted MSBA's motion to dismiss the complaint pursuant to CPLR 3211 (a) (5), on the ground that the action was barred by the one-year-and-30-days Statute of Limitations prescribed in section 1276 of the Public Authorities Law for tort actions. We affirm the dismissal of the complaint for reasons other than those stated by the IAS Part.

As acknowledged by Empire on appeal, its claim, brought pursuant to Insurance Law § 5105, is for the reimbursement of first-party benefits and, therefore, does not sound in tort. *(See, City of Syracuse v Utica Mut. Ins. Co.,* 90 AD2d 979, *affd* 61 NY2d 691.)* However, the analysis does not end there, for claims brought under Insurance Law § 5105, which governs "[s]ettlement[s] between insurers", are subject, under subdivision (b) thereof, to the "sole remedy" of mandatory arbitration.

For these reasons, the IAS Part lacked subject matter jurisdiction over the action and the complaint should, accordingly, have been dismissed pursuant to CPLR 3211 (a) (2). Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.