■ In the Matter of METROPOLITAN SUBURBAN BUS AUTHORITY, Respondent, v EMPIRE MUTUAL INSURANCE Co., Appellant. —In a proceeding to permanently stay arbitration demanded by Empire Mutual Insurance Co. for reimbursement from the petitioner Metropolitan Suburban Bus Authority under Insurance Law § 5105, Empire Mutual Insurance Co. appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered April 7, 1989, which granted the petition and permanently stayed the arbitration.

Ordered that the judgment is reversed, on the law, with costs, the permanent stay is vacated, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

The appellant Empire Mutual Insurance Co. (hereinafter Empire) paid out approximately $37,000 under a no-fault insurance policy and commenced an action in Supreme Court, New York County, against the petitioner Metropolitan Suburban Bus Authority (hereinafter the MSBA), which is self-insured, for reimbursement pursuant to Insurance Law § 5105. Empire's complaint was dismissed as time barred based upon the 1-year-and-30-day limitation period applicable to an action against a public authority "founded on tort" (Public Authorities Law § 1276 [2]). The MSBA then sought, in the instant proceeding, to permanently stay arbitration Empire demanded on its reimbursement claims. The petition was granted and

the matter was permanently stayed on claim-preclusion grounds. This appeal followed. In the meantime, on appeal, the order of the Supreme Court, New York County, was affirmed by the Appellate Division, First Department, on other grounds. That court held that Empire's claim pursuant to Insurance Law § 5105 for reimbursement of first-party benefits should have been dismissed for lack of subject matter jurisdiction, since Insurance Law § 5105 (b) provides that mandatory arbitration is the sole remedy for Empire's claims *(see, Empire Ins. Co. v Metropolitan Suburban Bus Auth.,* 159 AD2d 312).

The dismissal of the prior action for lack of jurisdiction does not bar arbitration pursuant to Insurance Law § 5105 (b). The permanent stay must be vacated, as the First Department's holding leaves no doubt that the instant claim is arbitrable. The arbitration proceeding was commenced within the applicable three-year limitations period and the dismissal of the action in the Supreme Court, New York County, is without preclusive effect. Therefore, the arbitration should be permitted to proceed. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.