■ JANICE AUSTIN, Respondent, v WILLIAM L. MEADE, Appellant. [685 NYS2d 308] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered April 20,

1998 in Otsego County, upon a verdict rendered in favor of plaintiff.

In this negligence action arising out of an automobile accident, defendant conceded liability and, after a jury trial on the issue of damages, plaintiff was awarded $72,023 for lost earnings incurred from the date of the accident until the verdict, $70,900 for future medical expenses, $85,000 for future loss of earnings, and $80,000 for pain and suffering (past and future). Counsel for both parties agreed that judgment should not be entered for the entire amount of the verdict, given the prohibition against recovery of basic economic loss in an action of this type (*see,* Insurance Law § 5104 [a]), but could not agree on the amount of the reduction. At a postverdict hearing, defendant sought a reduction of $50,000 (the total amount of plaintiff's "basic economic loss" [*see,* Insurance Law § 5102 (a)]), while plaintiff argued that inasmuch as she had been precluded from presenting any proof with respect to her preverdict medical costs, which totaled $7,032.90, and had therefore obtained no award for these expenses, the verdict should only be reduced by $42,967.10 ($50,000-$7,032.90).

Supreme Court agreed with plaintiff insofar as the medical expenses were concerned, concluding that because the verdict did not include any award for these costs, the collateral source rule could not be invoked to provide defendant with a credit for the $7,032.90. Rather, the court held, the judgment would be reduced only by the amount of compensation plaintiff had received from other sources for lost wages (i.e., workers' compensation and first-party benefits), totaling $38,977.94. Defendant appeals.

Inasmuch " '[a]s there can be no recovery for basic economic loss, there is no reason for application of the collateral source rule' " (*Fiveson v Kondenar,* 110 AD2d 749, 751, quoting 1 NY PJI 2d 274 [Supp]) in this case; rather, the proper methodology is to calculate the amount of plaintiff's basic economic loss, pursuant to Insurance Law § 5102 (a), and insofar as the verdict provides compensation for that loss, to reduce it accordingly (*see, Fiveson v Kondenar, supra,* at 750-751; *see also, Hughes v Ryder Truck Rental,* 125 AD2d 177, 178, *lv denied* 69 NY2d 609).

Plaintiff's basic economic loss, as defined by Insurance Law § 5102 (a), is comprised of the $7,032.90 in medical expenses she incurred prior to the verdict, plus her first $42,967.10 in lost earnings. Because the verdict incorporates an award of $72,023 for earnings lost by plaintiff during the 25 months between the accident and the trial, it necessarily includes

$42,967.10 of basic economic loss, recovery of which is precluded by Insurance Law § 5104 (a). Consequently, the verdict must be reduced by that amount. Plaintiff did not, however, receive any award for her past medical expenses, which constitute the remainder of her basic economic loss; hence, no further reduction is mandated by Insurance Law § 5104 (a) (*cf., Johnston v Colvin*, 145 AD2d 846, 847). Nor, under these circumstances, does CPLR 4545 (c) provide grounds for reducing the verdict by the amount plaintiff received for those expenses (*see, Oden v Chemung County Indus. Dev. Agency*, 87 NY2d 81, 84; *Krum v Green Is. Constr. Co.*, 249 AD2d 730, 731).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as provided for a reduction of the verdict in the amount of $38,977.94; the verdict of $307,923 is reduced by the sum of $42,967.10, resulting in a judgment for plaintiff, after the addition of costs and disbursements as set forth therein, of $265,905.70, plus interest at 9% from March 20, 1998; and, as so modified, affirmed. .