■ In the Matter of COUNTY OF WESTCHESTER, Respondent, v WESTCHESTER COUNTY CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., Appellant. (Matter No. 1.) COUNTY OF WESTCHESTER, Respondent, v HEROLDO RICHARDSON, Appellant. (Matter No. 2.) COUNTY OF WESTCHESTER, Respondent, v MICHAEL SHEEHAN, Appellant. (Matter No. 3.) COUNTY OF WESTCHESTER, Respondent, v MICHAEL ROONEY, Appellant. (Matter No. 4.) [717 NYS2d 651] —In a proceeding pursuant to CPLR article 75 to stay arbitration initiated by the Westchester County Correc-

tion Officers Benevolent Association, Inc., of a grievance to preclude Westchester County from commencing any actions to recover disability benefits paid pursuant to General Municipal Law § 207-c (Matter No. 1), and three related actions by the County of Westchester to recover disability benefits which were paid to its employees pursuant to General Municipal Law § 207-c, whose disabilities were subsequently found not to be work-related (Matters Nos. 2, 3, and 4), the appeals are from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered November 17, 1998, which granted the petition in Matter No. 1 and stayed arbitration, and (2) three orders of the same court all entered November 17, 1998, in Matters Nos. 2, 3, and 4, which, *inter alia*, denied those defendants' motions to stay proceedings in Matters Nos. 2, 3, and 4, pending the arbitration in Matter No. 1.

Ordered that the orders are affirmed, with one bill of costs.

Westchester County (hereinafter the County) paid disability benefits pursuant to General Municipal Law § 207-c to three correction officers pending hearings to determine the officers' entitlement to those benefits. Following hearings it was determined that the officers had not suffered work-related injuries, and therefore they were not entitled to benefits under General Municipal Law § 207-c. The County then commenced three plenary actions to recover sums already paid. In turn, the Westchester County Correction Officers Benevolent Association, Inc. (hereinafter the COBA), filed a grievance asserting that pursuant to the parties' collective bargaining agreement the County could not recover such sums. Thereafter COBA sought arbitration of the grievance. The individual defendants interposed answers in the plenary actions alleging, *inter alia*, that the County's sole remedy was to proceed to arbitration.

Inasmuch as the County's authority to make initial determinations of entitlement to General Municipal Law § 207-c benefits was not a mandatory subject of collective bargaining (*see, Matter of City of Watertown v State of N. Y. Pub. Empl. Relations Bd.*, 95 NY2d 73; *see also, Matter of DePaolo v County of Schenectady*, 85 NY2d 527), the County's right to recover benefits improperly paid to officers who are not suffering from work-related injuries was also not a mandatory subject of collective bargaining.

The collective bargaining agreement in this case, as well as General Municipal Law § 207-c, is silent as to whether the County may commence an action to recover benefits improperly paid (*see, Matter of Newfield Cent. School Dist. [Newfield Cent.*

*School Teachers]*, 258 AD2d 845). Further, the agreement should not be construed so as to expand the officers' rights under the statute (*see e.g., Matter of Uniform Firefighters v City of Cohoes,* 94 NY2d 686).

Moreover, there is a strong public policy in favor of protecting the public fisc and recovering moneys improperly or illegally paid out (*see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169; *Matter of Shufelt v Beaudoin,* 116 AD2d 422). For this reason as well, arbitration is not available (*see, Matter of City of New York v Uniformed Fire Officers Assn.,* 95 NY2d 273). O'Brien, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.