■ COUNTY OF WESTCHESTER, Respondent, v MICHAEL SHEE-HAN, Appellant. [741 NYS2d 244] —In an action to recoup benefits paid under General Municipal Law § 207-c and a collective

bargaining agreement, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 22, 2000, as denied those branches of his motion which were for summary judgment dismissing the first, second, and third causes of action, and granted the plaintiff's cross motion for summary judgment on the issue of liability on those causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

More than an hour before the defendant, a correction officer, was due to report for work, he allegedly was punched by a former inmate in the parking lot of a diner. Although the defendant collected benefits under General Municipal Law § 207-c for several months, an arbitrator ruled in September 1995 that his injury had not arisen during the course of his employment, and that he was not entitled to receive benefits under either General Municipal Law § 207-c or the parties' collective bargaining agreement (hereinafter the CBA).

The Supreme Court properly granted the plaintiff's cross motion for summary judgment on the issue of liability on the first, second, and third causes of action. The defendant should repay the benefits that he improperly received under General Municipal Law § 207-c and the CBA, as they expressly authorize the payment of benefits only to a correction officer injured in the line of duty. The defendant was not on duty when he was attacked. Accordingly, he was unjustly enriched and must repay those benefits (*see, Simonds v Simonds*, 45 NY2d 233, 242). As this Court stated on a prior related appeal, recoupment is supported by "a strong public policy in favor of protecting the public fisc and recovering moneys improperly or illegally paid out" (*Matter of County of Westchester v Westchester County Correction Officers Benevolent Assn.*, 278 AD2d 414, 416; *see, Matter of DePoalo v County of Schenectady*, 85 NY2d 527, 532).

The defendant's remaining contentions are without merit. S. Miller, J.P., Schmidt, Crane and Cozier, JJ., concur.