■ JOANN F. HUTHER, Formerly Known as JOANN F. CHOUINARD, Appellant-Respondent, v KATHRYN SICKLER et al., Respondents-Appellants. (Appeal No. 1.) [802 NYS2d 581]—

Appeal and cross appeal from a judgment of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 21, 2004 in a personal injury action. The judgment, upon a jury verdict, awarded plaintiff $76,708, together with interest, costs and disbursements.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion in its entirety and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Oneida County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the vehicle she was operating was struck from behind by a vehicle driven by defendant Kathryn Sickler and owned by defendant Theresa E. Sickler. Following a trial, the jury awarded plaintiff, inter alia, $61,708 in damages for past medical expenses and past loss of earnings. Plaintiff contends on appeal that Supreme Court erred in denying her motion to set aside the verdict as against the weight of the evidence insofar as the jury failed to award her any damages for future pain and suffering. Defendants appeal from a subsequent order, contending that the court erred in granting their cross motion only to the extent of reducing the award of damages for past medical expenses and past loss of earnings by the amount of plaintiff's reimbursement from plaintiff's insurer rather than by the full amount of basic economic loss incurred by plaintiff. Because that subsequent order is subsumed in the judgment in appeal No. 1 (see CPLR 5501 [a] [1]), the appeal lies from the judgment. In the exercise of our discretion, we treat defendants' notice of appeal as valid and deem the appeal as taken from the judgment (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988 [1988]; see also CPLR 5520 [c]).

We conclude that the court properly denied plaintiff's motion to set aside the verdict as against the weight of the evidence insofar as the jury failed to award plaintiff any damages for future pain and suffering. In support thereof, plaintiff contended that she established that she sustained a serious injury within the meaning of certain categories of Insurance Law § 5102 (d), i.e., a permanent consequential limitation of use and a significant limitation of use, and thus thereby established her entitlement to an award of damages for future pain and suffering. We reject that contention. The parties presented conflicting medical testimony, and thus it cannot be said that the verdict could not have been reached upon any fair interpretation of the evidence (*see generally Roskwitalski v Fitzgerald*, 13 AD3d 1133, 1134 [2004]; *Root v DiRaddo*, 302 AD2d 987, 988 [2003], *lv denied* 100 NY2d 504 [2003]). Moreover, we note that the failure to award damages for future pain and suffering is consistent with the testimony that plaintiff was fully recovered or, at most, continued to experience only minor intermittent pain, which is "insignificant within the meaning of Insurance Law § 5102 (d)" and thus insufficient to support an award of damages for future pain and suffering (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]; *see Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *Sarkis v Gandy*, 15 AD3d 942, 943 [2005]). "The conflicting expert testimony presented issues of fact and credibility, and we decline to disturb the jury's resolution of those issues" (*Wilson v Mary Imogene Bassett Hosp.*, 307 AD2d 748, 748 [2003]).

We agree with defendants, however, that the court should have granted their cross motion in its entirety, reducing the award of damages for past medical expenses and past loss of earnings by the full amount of basic economic loss incurred by plaintiff rather than by only the $4,285 of basic economic loss for which she was reimbursed by her insurer. We therefore modify the judgment accordingly, and we remit the matter to Supreme Court to reduce the award of damages for past medical expenses and past loss of earnings in accordance with our decision herein. The issue whether plaintiff received first-party reimbursement for the full amount of basic economic loss awarded by the jury is "irrelevant, since the prohibition against the recovery of basic economic loss from a [tortfeasor] is absolute" (*Hughes v Ryder Truck Rental*, 125 AD2d 177, 178 [1986], *lv denied* 69 NY2d 609 [1987]; *see* Insurance Law § 5104 [a]; *Stern v Calzado*, 163 AD2d 299, 300 [1990]; *Fiveson v Kondenar*, 110 AD2d 749, 750-751 [1985]). Present—Green, J.P., Scudder, Kehoe, Smith and Lawton, JJ.