■ JOHN P. MERGLER, Respondent, v CSX TRANSPORTATION, INC., Appellant. (Appeal No. 1.) [875 NYS2d 735]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered March 20, 2008 in a personal injury action. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff, a locomotive engineer employed by defendant, commenced this action pursuant to the Federal Employers' Liability Act (45 USC § 51 *et seq.*) seeking damages for injuries he sustained when a series of railroad cars struck the locomotive that he was operating. Defendant contends that Supreme Court erred in allowing plaintiff to present evidence of future lost wages because he failed to provide an adequate disclosure of the basis for those wages, i.e., the future medical treatments that would require his absence from work. We reject that contention. Plaintiff set forth his alleged injuries and medical treatments in his verified bill of particulars and provided defendant with timely authorizations in compliance with the Health Insurance Portability and Accountability Act of 1996 (42 USC § 1320d *et seq.*), thus allowing defendant to obtain plaintiff's medical records (*see* 22 NYCRR 202.17 [b] [2]).

We reject the further contention of defendant that the court erred in denying that part of its post-trial motion to set aside the verdict on future lost wages on the ground that the award was not supported by sufficient evidence. It cannot be said that there was "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" with respect to that part of the verdict (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Lost wages "must be established with reasonable certainty, focusing, in part, on the plaintiff's earning capacity both before and after the accident" (*Johnston v Colvin*, 145 AD2d 846, 848 [1988]) and, here, plaintiff presented evidence establishing that his future earning capacity will be affected by his required absence from work for future medical treatments. Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.