◼ JOHN MURPHY, Respondent, v CSX TRANSPORTATION, INC., Appellant. (Appeal No. 1.) [910 NYS2d 723]—Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered July 13, 2009 in a personal injury action. The order, among other things, awarded plaintiff prejudgment interest.

Appeal from a judgment of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered July 13, 2009 in a personal injury action. The judgment awarded plaintiff the sum of $930,401.59 as against defendant together with interest.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by granting those parts of defendant's post-trial motion to set aside the verdict in part and setting aside the award of damages for past lost wages and benefits and past medical expenses and by providing that interest on the total amount of damages at the rate of 9% per annum shall commence July 13, 2009 and as modified the judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, to reduce the award of damages for past lost wages and benefits and past medical expenses following a further hearing, if necessary, in accordance with the following memorandum: Plaintiff commenced this action pursuant to the Federal Employers' Liability Act (45 USC § 51 et seq.) seeking damages for injuries he allegedly sustained during the course of his employment by defendant as a locomotive engineer. Contrary to defendant's contention, Supreme Court properly granted the motion of plaintiff seeking, inter alia, partial summary judgment on liability with respect to the cause of action alleging that defendant violated the Federal Locomotive Inspection Act ([LIA] 49 USC § 20701 et seq.). In support of the mo-

tion, plaintiff established that the locomotive was " 'in use' " for purposes of the LIA when he slipped on a puddle of oil and fell to the ground below (*Holfester v Long Is. R.R. Co.*, 360 F2d 369, 372 [1966]; *see Hardlannert v Illinois Cent. R. Co.*, 401 Ill App 401, 412-413, 928 NE2d 172, 178-179 [2010]). He also established that the locomotive was not "in proper condition and safe to operate without unnecessary danger of personal injury" based on the accumulation of oil (49 USC § 20701 [1]; *see* 49 CFR 229.119 [c]). Defendant failed to raise a triable issue of fact in opposition to the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Following the trial on causation and damages, judgment was entered on the jury verdict awarding plaintiff damages for, inter alia, past lost wages and benefits and past medical expenses. The court properly denied that part of defendant's post-trial motion to set aside the verdict insofar as it awarded damages for past lost wages and benefits on the ground that such award was speculative and unsupported by sufficient evidence. "It cannot be said that there was 'no valid line of reasoning and permissible inferences [that] could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial' with respect to that part of the verdict" (*Mergler v CSX Transp., Inc.*, 60 AD3d 1462, 1463 [2009], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). We agree with defendant, however, that the court erred in denying that part of its post-trial motion with respect to the award for past lost wages and benefits on the ground that plaintiff is entitled to recover only the "net, after-tax amount" of his past lost wages. That award should therefore have been reduced by the amount of tier 1 Railroad Retirement Board taxes that would have been deducted from plaintiff's wages (*see Roselli v Hellenic Lines, Ltd.*, 524 F Supp 2, 4 [1980]; *see generally Fanetti v Hellenic Lines Ltd.*, 678 F2d 424, 431-432 [1982], *cert denied* 463 US 1206 [1983]).

We also agree with defendant that the court erred in denying that part of its motion seeking to set aside the verdict with respect to past medical expenses inasmuch as the court failed to provide for a collateral source offset. Pursuant to the collective bargaining agreement between defendant and the union representing plaintiff, benefits provided under the policy insuring defendant's employees are to "be offset against any right of recovery [an e]mployee may have against [defendant] for hospital, surgical, medical or related expenses of any kind." Defendant therefore is entitled to an offset for the amount of such benefits (*see generally CSX Transp., Inc. v Williams*, 230 Ga

App 573, 576-577, 497 SE2d 66, 69-70 [1998]). We therefore modify the judgment by granting those parts of defendant's post-trial motion seeking to set aside the verdict in part and setting aside the award of damages for past lost wages and benefits and past medical expenses, and we remit the matter to Supreme Court to reduce that award following a further hearing, if necessary.

Finally, we agree with defendant that the court erred in directing that interest on the judgment accrue from April 10, 2009, 60 days from the date of the verdict. Pursuant to 28 USC § 1961 (a), "interest shall be calculated from the date of the entry of the judgment," and thus the proper date from which interest on the judgment is calculated is July 13, 2009, the date of entry. We therefore further modify the judgment accordingly.

We have considered defendant's remaining contentions and conclude that none warrants further modification of the judgment. Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.